IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ELKINS WEST VIRGINIA

VICTOR H. SPARROW, III,

        Plaintiff,

v.                               CIVIL ACTION NO. 2:06CV102

RICHARD WILL,

        Defendant.

## ORDER

On this the 9th day of November, 2007, appeared the Plaintiff, in person, and also appeared the Defendant, in person, and by his attorney, Lary D. Garrett, pursuant to prior Court Order scheduling this matter for mediation this day.

THEREUPON, the Court made some preliminary statements and then referred the matter to the selected mediator, Harry A. Smith, III, who retired with the parties for approximately two and one-half hours.

At the conclusion of the session with the parties, the parties did then appear with the mediator and did announce unto the Court that they had reached an agreement. Thereupon, the mediator did read into the record the agreement reached, which is substantially as follows:

> "The parties have agreed in essence that we will agree that there is a contract. We'll agree that pursuant to that contract the Defendants or the Defendant, Mr. Will, and included in that would be his wife and his children who are also involved in the property, would have the real estate prepared so that the Plaintiff, Mr. Sparrow, can inspect the property at his expense; that he would inspect the property which is a house and an outbuilding to determine whether or not various aspects of the property are functional. Those aspects would be whether the roof is leaking; whether the plumbing is working; whether the electricity is available and working; and whether the septic system is working as well.
>
> If there are problems that any of those thing is not a functioning system that they will be repaired by the Defendant at his expense and then Mr. Sparrow, the Plaintiff, will do a final walk-through before closing.

Closing would take place in - by 45 days. There is a $10,000 deposit that is (sic) now been made with the realtor, that would be deemed as of now non-refundable. There was discussion in the various contracts or the offers and acceptance that flowed back and forth about a - an old Blazer and the Blazer is no longer part of the - of the contract. The contract and I am going to refer to Document 5.2 – Docket No. 5.2 filed 11/17, 2006. Page 3 of 8 is a continuation sheet of the last version of the contract. Items 7, 8 and 9 are superfluous and would not be necessarily part of the settlement because it's understood. Item 5 includes the question of a drum set which is not included in the conveyance and that will be excluded form the conveyance. Title insurance will be provided by the office of the closing attorney, William Bean from Moorefield.

A conventional West Virginia general warranty deed will be used in this case and, if necessary, the conveyance will be made by attorney-in-fact, the appropriate Power of Attorney, there is some debate about that.

All that being said, both parties have agreed that the consideration -- the total consideration will be paid which includes a $10,000 deposit will be $92,000. And I think in essence, we will be incorporating the provisions of a contract which is - appears to be Document 5.2 on the docket in this case.

With those few modifications that I have mentioned, specifically, and with the excision of the Items 7, 8 and 9 that are set forth on a continuation sheet to that contract."

Mediator Smith suggested that the matter be continued on the docket of the Court until the case was actually resolved by the settlement which was anticipated taking place within 45 days.

THEREUPON, the Court inquired of the parties and they responded that they were satisfied with the agreement.

THEREUPON, the parties advised the Court that they believed that they should each pay the sum of $200.00 to Mr. Smith for his services as mediator and the Court did approve said offer.

Nothing further to be done at this time, this matter is continued until the parties advise the Court that the transaction has been completed.

Entered this the 5th day of December, 2007.

Robert E. Maxwell
United States District Judge